IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

PATRICK LAKEDRICK SIMPSON, #130026                                              PLAINTIFF

VERSUS                                              CIVIL ACTION NO.  2:13-cv-212-KS-MTP

LATISHA JOHNSON, BRENDA SIMS,
HUBERT DAVIS, RONALD KING and JOY ROSS                          DEFENDANTS

ORDER

This cause comes before this Court on plaintiff's Motion [5] entitled "Order to Show Cause and Temporary Restraining Order" which also includes a request for a Preliminary Injunction.  The Court upon consideration of plaintiff's Motion [5] for Temporary Restraining Order and/or Preliminary Injunction has come to the following conclusion.

In order to be granted injunctive relief, the plaintiff must satisfy the stringent test set forth in *Mississippi Power & Light Co. v. United Gas Pipe Co.*, 760 F.2d 618 (5th Cir. 1985)(citing *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567 (5th Cir. 1974)).   The granting or denial of a motion for injunctive relief rests in the sound discretion of the trial court.  *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).  However, the movant bears the burden of satisfying the four prerequisites for the extraordinary relief of a motion for injunctive relief.  *Id*. at 572.  The four prerequisites are:  (1) a substantial likelihood that plaintiff will prevail on the merits; (2) a substantial threat that plaintiff will suffer irreparable injury if the injunction is not granted; (3) the threat and injury to plaintiff outweighs the threat and harm the injunction may do to defendants; and (4) granting the injunction will not disserve the public interest.  *Id*. at 572.  These requirements are not balanced, but rather each one must be met before the Court can grant such a drastic remedy as a temporary restraining order and/or preliminary injunction.  *See Mississippi Power & Light Co.,* 760 F.2d at 621.  In considering

these prerequisites, the Court must bear in mind that a temporary restraining order or a preliminary injunction is an *extraordinary and drastic remedy* which should not be granted unless the movant clearly carries the burden of persuasion.  The primary justification for applying this remedy is to preserve the Court's ability to render a meaningful decision on the merits.  *Canal Authority of State of Florida v. Callaway*, 489 F.2d 567, 573 (5th Cir. 1974).

Plaintiff argues in his motion [5] that he is "suffering irreparable harm in the form of continued harassment, defamation and retaliation with frivolous rule violations."  To establish a substantial threat of irreparable harm, the nature of the injuries must be such that they "cannot be undone through monetary remedies."  *Paulsson Geophysical Servs., Inc. v. Sigmar*, 529 F.3d 303, 312 (5th Cir. 2008)(citation omitted).  In the event plaintiff is successful on the claims of the instant complaint, his injuries can be remedied through money damages.  Having considered the motion [5] and memorandum in support [6], the Court finds that there is no substantial threat that Plaintiff will suffer irreparable injury if the temporary restraining order or preliminary injunction is not granted.  In light of the foregoing prerequisites and standards, it is clear that plaintiff's motion [5] for a temporary restraining order and preliminary injunction should be denied without a hearing.  Plaintiff's motion fails to met each of the four prerequisites stated above.  Furthermore, the Court will be able to render a meaningful decision without granting injunctive relief in the form of a temporary restraining order or preliminary injunction.  Therefore, it is hereby,

ORDERED that plaintiff's Motion [5] for a Temporary Restraining Order and Preliminary Injunction is **DENIED.**

SO ORDERED, this the 13th day of November, 2013.

*s/ Keith Starrett*
UNITED STATES DISTRICT JUDGE